### OSBORN v. McARTHUR BROS. CO.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

PLEADING (§ 329*) — BILL OF PARTICULARS — FURTHER OR ADDITIONAL BILL — FAILURE TO FURNISH.

Defendant obtained an order for a bill of particulars, and plaintiff served a bill, after which defendant obtained an order for a further verified bill. Thereupon plaintiff served a paper signed by his attorney, giving notice that he was unable to furnish any further particulars other than those furnished in the bill of particulars already served. *Held*, that an order should have been granted precluding plaintiff from giving any evidence in the action of the various claims against defendant, or requiring him to furnish the bill of particulars directed by the second order, or show to the court that it is not in his power to furnish such particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. § 329.*]

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Clarence J. Osborn against the McArthur Bros. Company. From an order denying a motion to furnish a further bill of particulars or to preclude plaintiff from giving certain evidence, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and McLAUGHLIN, JJ.

Goodale & Hanson (John McG. Goodale, of counsel), for appellant.

CLARKE, J. The complaint alleges: That in March, 1903, plaintiff's assignor, one Cabot, was engaged in the business of manufacturing and delivering natural gas as a fuel for operating machinery. That the defendant was then engaged in the construction of certain railroad work on the line of the Little Kanawha Railway Extension. That on the 19th of March, 1903, the defendant and Cabot entered into a written contract, by the terms of which Cabot undertook to furnish, construct, and maintain a pipe line of sufficient capacity to supply whatever gas might be required by the defendant, and Cabot agreed to deliver, and the defendant agreed to take, a minimum amount of gas to run and operate its machinery sufficient to develop the minimum of 800 horse power, during the period of 10 months from the date of said contract, or as much longer as the said defendant might require the use of such gas, and the defendant further undertook that the minimum

amount of gas to be consumed by it during the period aforesaid should amount to at least $6,000, and that in the event the defendant, for any reason, should fail to accept from the plaintiff or use gas of a less value than the sum of $6,000, it would pay to Cabot one-half of the excess of the said $6,000 over and above said sum as might have theretofore been paid or should have become due to Cabot for gas furnished. That the defendant would procure for said Cabot the right to lay and maintain his pipes on the right of way controlled by said railroad, and that, in the event of it becoming necessary to lay outside boilers at a distance of more than 500 feet from the railroad right of way, defendant should pay for the cost of piping in excess of 500 feet. That the defendant would pay to the said Cabot on or before the 20th day of each calendar month the full sum of nine cents per thousand cubic feet consumed. That Cabot entered into the performance of all the terms and conditions of the contract within four weeks from the date of entering into said contract, and incurred various obligations in the purchase and procuring of rights of way for laying pipe along the line of said railroad, and expended in the construction of said pipe line, in the purchase of machinery and otherwise, a sum of money exceeding $6,000. That the defendant has wholly failed to carry out any of the terms and conditions of the contract on its part to be performed. That the defendant failed to procure the rights of way, and that Cabot was compelled to and did procure the same at his own cost, and that after Cabot had entered upon the performance of the contract, and while he was engaged in said work, the defendant in breach of the contract notified Cabot to cease all work in and about said railroad construction, and that it would refuse to receive or use any natural gas as agreed, and did thereafter so refuse to use or receive any natural gas. That said Cabot sustained damages in the sum of $6,000, no part of which had been paid, except $3,600, and the plaintiff demands judgment for $2,400.

The defendant obtained an order for a bill of particulars: (1) Of the various obligations which it is claimed in the complaint Cabot incurred in procuring the purchase of rights of way for laying pipe, and the amount of damages plaintiff claimed therefor; (2) particulars of the expenditures claimed to have been made by Cabot in the construction of said pipe line, in the purchase of machinery and otherwise; (3) the particulars of the rights of way which it was claimed that Cabot was compelled to procure and did procure at his own cost, and also particulars of the acts which the plaintiff intends to claim constitute the failure of the Little Kanawha Railway to permit Cabot to lay pipes, and, if said act or acts were an express refusal, the date of that refusal, and the name of the officer or agent who made such refusal, also the statement of the amount of damages claimed; (4) the particulars of the damages in the sum of $6,000 claimed. The plaintiff, in pursuance of said order, served a bill of particulars. Thereupon the defendant obtained an order for "a further verified bill of particulars of the demand for which this action is brought as far as it is in the power of the plaintiff to do so, as follows." In response to which plaintiff served the following paper, signed by his attorney:

"In pursuance of the order of this court entered herein on the 23d day of March, 1909, plaintiff hereby gives notice that he is unable to furnish any

further particulars of his claim herein, other than those furnished in the bill of particulars heretofore served herein."

Thereupon the defendant moved for an order precluding the plaintiff from giving any evidence in this action: (1) Of the various obligations alleged in paragraph 15 of the complaint to have been incurred for rights of way, and also evidence as to said rights of way; (2) of expenditures alleged in paragraph 15 of the said complaint to have been made in the construction of the pipe line, the purchase of machinery, etc.; (3) of the rights of way which it is claimed Cabot was compelled to purchase at great additional cost and expense; (4) of the failure alleged in paragraph 17 of said complaint of the little Kanawha Railway to permit the laying of pipe along the line of said railroad, or in the alternative that the plaintiff be required, within such time as the court may direct, to furnish the verified bill of particulars directed by this court's order entered March 23, 1909, or show to the court, as to the separate matters by said order directed to be particularized, that it is not in the power of plaintiff to furnish particulars as to said matters respectively. This motion was in all respects denied by the order appealed from.

Here we have an order for specific particulars, a purported compliance therewith, a further order for a further bill of particulars upon the ground of the insufficiency of that served, answered by a notice signed by the attorney that the plaintiff is unable to furnish any further particulars, then a motion to preclude testimony or to furnish the particulars theretofore required, or to show cause why it is impossible for the plaintiff to obey the formal order of the court, and this motion is denied in toto. Unless the provisions of the Code requiring the service of bills of particulars and attaching consequences for failure to obey said orders are mere idle words, the denial of this motion was error. If an attorney is to determine how far an order is to be obeyed, and, if the moving party who has obtained the orders is thereby rendered helpless, the making of orders of the court is an empty ceremony, and litigation is rendered farcical.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant.

McLAUGHLIN, LAUGHLIN, and SCOTT, JJ., concur.

INGRAHAM, J. I dissent. The defendant obtained an order for a bill of particulars, in pursuance of which a bill of particulars was served. The defendant then made a motion for a further bill of particulars, upon which an order was entered requiring a "further verified bill of particulars of the demand for which this action is brought so far as it is in the power of the plaintiff to do so." In response to this order the plaintiff served a notice that it was not within the power of the plaintiff to furnish a further bill of particulars. This second order took the place of the original order, and by it the plaintiff was only required to furnish such particulars so far as it was within his power, and there is not a particle of evidence that it was within his power to furnish any other particulars than those furnished.

On the record, therefore, I think the plaintiff has complied with the orders of the court, and to justify this motion the defendant must show that it was within the power of the plaintiff to furnish the additional particulars which the record fails to show.

I think the order should be affirmed.